# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-02602-JLT-SAB-HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO PROCEED UNDER PSEUDONYM<br><br>(ECF No. 2)<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**A. Motion to Proceed via Pseudonym**

Rule 10 of the Federal Rules of Civil Procedure requires that every complaint must include the name of all parties. Fed. R. Civ. P. 10(a). Rule 17 further provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). The normal presumption is that the parties will use their real names, which is "loosely related" to the public's right to open courts and the rights of individuals to confront their accusers. Doe v. Kamehameha Schools, 596 F.3d 1036, 1042 (9th Cir. 2010). However, courts have allowed a party to proceed in anonymity where special circumstances justify the secrecy. Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000). In the Ninth Circuit, a party may proceed with the use of a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is

necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" Advanced Textile Corp., 214 F.3d at 1067–68 (alteration in original) (quoting United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Advanced Textile Corp., 214 F.3d at 1068.

Courts have generally allowed a party to proceed with anonymity in three circumstances: (1) "when identification creates a risk of retaliatory physical or mental harm"; (2) "when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature'"; and (3) "when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]'" Advanced Textile Corp., 214 F.3d at 1068 (first alteration in original) (internal citations omitted). The Ninth Circuit has held that where the use of a pseudonym is used to shield the party from retaliation, the district court should evaluate the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. Advanced Textile Corp., 214 F.3d at 1068 (citations omitted).

Petitioner "is a transgender woman with a criminal history who had exposed cartel corruption in Mexico" and "fears that disclosure of information related to her identity will put her in extreme risk of being harmed, or even killed, if she were deported to Mexico" and that "having sensitive personal information made public could worsen her mental health condition and expose her to harm while she remains in detention." (ECF No. 2 at 1–2.[1]) Respondents oppose the use of a pseudonym given that: (1) previous litigation, such as Petitioner's state court criminal proceedings and immigration removal case have been under Petitioner's name; (2) as an immigration case, the contents of any pleading in this matter are not visible to the public via ordinary online access; and (3) the documents with sensitive information about Petitioner are extraneous to the merits of the question presented about Petitioner's detention. (ECF No. 9 at 1.)

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

Courts have granted motions to file pseudonymously based on the petitioners' fears of persecution and retaliation should their identities be revealed. See, e.g., Doe v. Becerra, 732 F. Supp. 3d 1071, 1091 (N.D. Cal. 2024) ("Given the circumstances of Mr. Doe's petition and his allegations that he will face torture or death if he returns to Mexico, the Court previously granted Mr. Doe's motions to proceed under pseudonym[.]"); E.O.P. v. Andrews, No. 1:25-cv-00721-SKO (HC), 2025 WL 1735396, at *1 (E.D. Cal. June 23, 2025); Doe v. Wofford, No. 1:24-cv-00943-EPG-HC, 2025 WL 1305859, at *4 (E.D. Cal. May 6, 2025); A.E. v. Andrews, No. 1:25-cv-00107-KES-SKO (HC), 2025 WL 871334, at *1 (E.D. Cal. Mar. 19, 2025).

Based on the Court's review of the severity of the harm, the reasonableness of the Petitioner's proffered fears, and Petitioner's vulnerability to retaliation, the Court finds that the need for anonymity in this case outweighs countervailing considerations. See Kamehameha Schools, 596 F.3d at 1042. Accordingly, Petitioner's motion to proceed via pseudonym is granted.

**B. Supplemental Briefing**

Respondents contend that due to Petitioner's convictions for lewd and lascivious acts, in violation of California Penal Code section 261.5(d), and felony possession of a stolen vehicle, in violation of California Penal Code section 496D(A), Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). (ECF No. 9 at 3.) Petitioner "does not concede that she is subject to detention under § 1226(c): Ninth Circuit precedent is clear that a violation of CPC § 261.5(d) is not a categorical aggravated felony or crime involving moral turpitude ('CIMT') that would render an individual subject to detention under § 1226(c)" and notes that Respondents "do not provide any authority to support their position." (ECF No. 10 at 13.) Further, in 2024 an immigration judge ("IJ") found Petitioner to be eligible for a bond hearing pursuant to § 1226(a). The IJ denied bond and the Board of Immigration Appeals dismissed the appeal based on dangerousness rather than finding Petitioner was subject to mandatory detention under § 1226(c).

Petitioner asserts that "[i]t is not necessary for this Court to determine the basis of Jane's statutory detention authority in order to adjudicate her as-applied constitutional challenge to her prolonged, indefinite detention." (ECF No. 10 at 12.) However, if Petitioner is detained pursuant

to 8 U.S.C. § 1226(a), Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022), would be applicable. In Rodriguez Diaz, the Ninth Circuit found § "1226(a) offers substantial procedural protections to detained persons," "§ 1226(a)'s procedures satisfy due process," and due process did not require a second bond hearing at which the government bears the burden of proof by clear and convincing evidence for a petitioner detained under § 1226(a) fourteen months after his first § 1226(a) hearing was held. Rodriguez Diaz, 53 F.4th at 1193, 1213, 1203–14.

The Court finds that the statutory basis for Petitioner's detention is relevant to the due process analysis and supplemental briefing on this issue would assist the Court in this matter.

Accordingly, the Court HEREBY ORDERS that:

1. Petitioner's motion to proceed under a pseudonym (ECF No. 2) is GRANTED; and
2. Within fourteen (14) days of the date of service of this order, Respondents SHALL FILE a supplemental brief addressing:
    a. The statutory basis for Petitioner's detention and whether this case is distinguishable from Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022); and
    b. The procedural posture of Petitioner's immigration case and the impact, if any, on the pending petition if there has been a change in the procedural posture; and
3. Within fourteen (14) days of the date of service of Respondents' supplemental brief, Petitioner MAY FILE a supplemental brief.

IT IS SO ORDERED.

Dated: **August 26, 2026**

STANLEY A. BOONE
United States Magistrate Judge